UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

v.

Civil No.
Honorable
Magistrate

Glock, Inc. 27 .40 Caliber Handgun SN NYZ231; One (1) .40 Caliber Magazine and Eight (8) Rounds of .40 Caliber Ammunition; Sundance Industries, Inc. A-25 .25 Caliber Pistol SN 038921; One (1) .25 Caliber Magazine and Six (6) Rounds of .25 Caliber Ammunition,

         Defendants *in Rem*,
_____/

## COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America, by and through Saima S. Mohsin, Acting United States Attorney for the Eastern District of Michigan, and Cassandra M. Resposo, Assistant United States Attorney, states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C.

§ 881(a)(11).

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. §§ 1395(a) and (b) as the Defendants *in rem* were found and seized in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendants *in rem* consist of:

a) Glock, Inc. 27 .40 Caliber Handgun, Serial Number NYZ231;
b) One (1) .40 Caliber Magazine;
c) Eight (8) Rounds of .40 Caliber Ammunition;
d) Sundance Industries, Inc. A-25 .25 Caliber Pistol, Serial Number 038921;

  e) One (1) .25 Caliber Magazine; and
  f) Six (6) Rounds of .25 Caliber Ammunition.

All items listed in paragraph 6 are collectively referred to as "Defendant Property."

  7. On or about September 2, 2020, Special Agents of the Drug Enforcement Administration (DEA) seized the Defendant Property following execution of a federal search warrant in Detroit, Michigan. The Defendant Property is in the custody of the DEA Detroit Division Office.

## STATUTORY BASIS FOR FORFEITURE

  8. Title 21, United States Code, Section 881, governs the civil forfeiture of any firearm used or intended to be used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them. . . . Any firearm (as defined in section 921 of Title 18) used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances].

21 U.S.C. § 881(a)(11).

## FACTUAL BASIS FOR CIVIL FORFEITURE

  9. The Defendant Property is forfeitable to the United States

3

pursuant to 21 U.S.C. § 881(a)(11) as property used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of Title 21 of the United States Code and is, therefore, subject to seizure and civil forfeiture pursuant to 21 U.S.C. § 881(a)(11). Forfeiture of the Defendant Property is supported by a preponderance of the evidence including, but not limited to, the following:

    a.    On September 2, 2020, DEA agents executed a federal search and seizure warrant at the residence of Dwanver Elease Jessie and Domonike Edwards. Upon entry agents encountered Domonike Edwards in the kitchen, holding a Sundance Industries, Inc. A-25 .25 caliber handgun ("Sundance") with five (5) rounds in the magazine and one (1) round chambered. Edwards complied with DEA commands to drop the firearm.

    b.    Edwards advised that she owns the residence, and that her cousin, Dwannver Elease Jessie, and her daughter, had lived there for the past three or four years.

    c.    During the search, agents recovered an additional firearm

4

from Edwards's purse, a Glock Inc. 27 .40 caliber handgun ("Glock") loaded with a .40 caliber magazine and eight (8) rounds of .40 caliber ammunition, and a suspected drug ledger.

      d.      Edwards advised agents that she owned the Glock and Sundance handguns. Agents later confirmed that Edwards purchased the Glock. However, the Sundance handgun did not identify Edwards as the purchaser. Edwards told agents that her father gave her the Sundance handgun.

      e.      Agents found $4,000 in U.S. Currency in Dwannver Elease Jessie's bedroom, bundled with several colored rubber bands, consistent with how narcotics proceeds are bundled. Dwannver Elease Jessie was unable to provide agents with a consistent answer as to the origin of the currency.

      f.      A K-9 sniff of the $4,000 currency seized from Dwannver Elease Jessie's bedroom resulted in a positive alert for the odor of controlled substances. The K-9 also alerted to the presence and/or odor of narcotics in multiple areas including a closet, bed and dresser in Edwards's bedroom; near the closet cut out, a closet and dresser in

Dwannver Elease Jessie's bedroom; and on a safe area behind the desk in the office.

 g. Dwannver Elease Jessie is a convicted felon and cannot legally be in proximity of any firearm.

 h. Agents seized the $4,000 found during the search as suspected proceeds of narcotics trafficking activities, and seized the firearms as property facilitating narcotics trafficking activities.

## CLAIM

 10. Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 9 above, including the subparagraphs thereunder.

 11. The Defendants *in rem* are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(11) as firearms and ammunition used or intended to be used for violations of Title 21 of the United States Code.

## RELIEF

Plaintiff, United States of America, respectfully requests that warrants for arrest of the Defendants *in rem* be issued; that due notice

be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendants *in rem* condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                Respectfully submitted,

                Saima S. Mohsin
                Acting United States Attorney

                s/ Cassandra M. Resposo
                CASSANDRA M. RESPOSO
                Assistant United States Attorney
                211 W. Fort St., Ste. 2001
                Detroit, MI 48226
                (313) 226-9736
                Cassandra.Resposo@usdoj.gov
                (IL 6302830)

Dated: February 18, 2021

## VERIFICATION

I, Jacquelyn Gilliam, am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and assert under penalty of perjury of the laws of the United States of America that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents and/or officers.

_____
Special Agent Jacquelyn Gilliam
Drug Enforcement Administration

Dated: February 17, 2021